BaRNey, J.,
delivered the opinion of the court:
This claim comes to this court through a_reference under the fourteenth section of the Tucker Act (24 Stat. L., 507) of the following bill:
“Be it enacted by the Senate and Mouse of Representatives of the United States of America in Congress assembled, That the sum of four hundred and sixty-three thousand seven hundred and Thirty-two dollars and forty-nine cents is hereby appropriated to pay the amounts of the losses sustained by the individual Shawnee and Delaware Indians in the years eighteen hundred and sixty-one to eighteen hundred and sixty-six, inclusive, by depredations against their property at the hands of the United States soldiers and white citizens of the United States, while said Indians were peaceable and in amity with the United States, occupying their own reservations in Kansas and in the Indian Territory, and render judgment therefor against the United States in favor of such individual Indian, his or her heirs or legal representatives.”
While the title of the petition is as above, the person named in the body of the petition as claimant is Joe Ellis, who appears to be a member of one of the tribes mentioned in the title.
The defendants have made a motion to dismiss the petition for want of jurisdiction, and that is the question for decision.
The following language at the close of the bill, “ and render judgment therefor against the United States in favor of such individual Indian, his or her heirs or legal representatives,” seems to be entirely inconsistent with the balance of the bill and to have no significance whatever and should doubtless be treated as surplusage.
*323 Section 14 of the Tucker Act giving this court j urisdiction to report to Congress the facts in certain cases, provides that “ whenever any bill, except for a pension, shall be pending in either House of Congress, providing for the payment of a claim, legal or equitable, or for a grant, gift, or bounty, to any person, the House in which such bill is pending may refer the same to the Court of Claims,” etc.
It seems almost too plain for discussion that the law quoted, according to both its letter and spirit, contemplated the reference to this court of bills providing for the payment of individual claims. While, of course, many such individual claimants might be named in the same bill, they should be named and the amount of the claim of each individual stated. The bill in question, if enacted into law, would simply be a general law providing for the payment of a certain class of claims which might come to this court for adjudication, though it is so obscure in some respects, unnecessary to discuss, that even that may be doubtful. If it should become a law would any person receive any money under it without a lawsuit in some court ? The bill does not provide for the payment of any claim within the meaning of the 14th section of the Tucker Act, but only makes an appropriation of a fund out of which claims shall be paid when properly proven in some forum. The records of this court show that already 197 petitions have been filed here by different claimants under this bill. If such a bill can be considered under the Tucker Act as applicable to all of these petitions, why the necessity for the multiplicity of references here in individual cases? Why can not Congress refer to this court a bill providing for the payment of claims of all the citizens of a certain State for losses sustained by them through depredations committed by United States troops during the Civil War or any other time? Or, for that matter, a bill providing for the payment of all claims against the United States belonging to any class ?
In the case of Bellah v. United States (39 C. Cls., 396), this court refused to entertain jurisdiction under the 14th section of the Tucker Act because the bill referred did not provide for the payment of .any claim “ to any beneficiary *324 whatever.” Neither does the bill under consideration provide for the payment of any claim to any particular beneficiary. The language of the statute is, “ a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person,” clearly indicating that the claim referred must be an individual claim and not a class claim.
It follows from the foregoing opinion that the motion to dismiss for want of jurisdiction must be allowed, and it is so ordered.